UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:22-cv-24226-JEM/Becerra

ELENA DVOINIK, *et al.*,

    Plaintiffs,

v.

SUSANNE HOEFLINGER, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** came before the Court on Plaintiffs Elena Dvoinik and Boris Zavadovsky's ("Plaintiffs") Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. This matter was referred to the undersigned for all pre-trial non-dispositive matters, and for a Report and Recommendation on all pre-trial dispositive matters by the Honorable Jose E. Martinez, United States District Court Judge. ECF No. [7].

In order to determine whether a party is indigent and should not be required to pay fees and costs, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotations and citation omitted). If a party demonstrates that she is not able to pay for court fees and costs while supporting herself and her dependents, the request to proceed *in forma pauperis* should be granted. *Id.* There is no specific guidance regarding an income threshold to determine indigence for plaintiffs in federal civil cases. In federal bankruptcy cases, however, 28 U.S.C. § 1930(f)(1) provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline. In addition, the undersigned notes that Section 57.082, Florida Statutes, provides specific guidance regarding the determination of indigency for persons

filing lawsuits in Florida state courts. Pursuant to that statute, a person is indigent if their income is equal to or below 200% of the federal poverty guidelines. § 57.082(2)(a)(1), Fla. Stat. (2012). The 2023 Department of Health and Human Services' Poverty Guidelines for a family of three is $24,860.00. *See* Department of Health and Human Services Poverty Guidelines, available at https://aspe.hhs.gov/poverty-guidelines (last visited January 26, 2023).

Plaintiffs have submitted an affidavit in support of their Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. The affidavit contains significant discrepancies regarding Plaintiffs' income, assets, and employment—making it difficult to ascertain Plaintiffs' true financial situation. According to the affidavit, Plaintiff Boris Zavadovsky previously "worked as an ER doctor for 35 years by US Army" and is no longer employed. *Id.* at 1–2, 5. Plaintiff Elena Dvoinik states that she "is a lawyer," and that she earned an average monthly income of $17,556.00 from "self-employment" in 2022 but she does not list any current or prior employment history when prompted in the affidavit. *Id.* Plaintiffs state that their average monthly income amount during the past twelve months, stemming from Elena Dvoinik's "self-employment," income from real property, and retirement income, averaged $75,556.00 per month combined.[1] *Id.* at 1–2. Their projected income for January 2023, however, is $4,725.00 combined. *Id.* at 2. Plaintiffs allege that they have $1,600.00 in a checking account with JP Morgan Bank. *Id.* Plaintiffs also allege that they own $40,000.00 worth of real estate and a vehicle valued at $28,000.00. *Id.* at 3. Elsewhere, however, they state that they "lost all property." *Id.* at 5. Additionally, Plaintiffs assert both that "there is no money for a lawyer" and that they have spent or will be spending $10,000.00 in attorneys' fees for this lawsuit. *Id.*

---

[1] The undersigned acknowledges that Plaintiffs may have submitted this number in error, as it appears more likely to have been a *total annual* income as opposed to an *average monthly* income. However, for the purposes of this analysis, the Court must construe the amounts in the affidavit as true and accurate.

On this record, Plaintiffs do not meet the requirements to proceed *in forma pauperis*. The requirement that Plaintiffs be at or below 200% of the federal poverty guidelines would require Plaintiffs to earn a maximum of $49,720.00 per year, based on their family size of three, whereas Plaintiffs indicate that they earned an average income of $75,556.00 per month in 2022, and may still own significant property. *Id.* at 1–3. Thus, given the above guidelines, the undersigned finds that Plaintiffs are not indigent for purposes of proceeding in this case, based solely on this record.

Accordingly, it is hereby **RECOMMENDED** that Plaintiffs' Motion to Proceed *In Forma Pauperis*, ECF No. [3], be **DENIED WITHOUT PREJUDICE**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on February 17, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**