UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-24226-CIV-MARTINEZ-BECERRA

ELENA DVOINIK and
BORIS ZAVADOVSKY,

      Plaintiffs,

v.

MARIO RABL and
SUSANNE HOFLINGER,

      Defendants.
_____/

**ORDER ON REPORT AND RECOMMENDATION**

**THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation on Defendants' Motion to Dismiss (the "Motion"), (ECF No. 20). Judge Becerra filed a Report and Recommendation ("R&R"), recommending that the Motion be granted, and that Plaintiffs' Complaint be dismissed without prejudice for lack of personal jurisdiction, (ECF No. 62). Plaintiffs, proceeding *pro se*, filed an objection to the R&R, motion to amend the complaint and join parties, for partial summary judgment, and to compel documents and electronically stored information, (ECF No. 63.) Defendants responded, (ECF No. 64), agreeing with Judge Becerra as to the lack of personal jurisdiction but arguing several other grounds warrant dismissal with prejudice, and arguing that the additional four motions within Plaintiffs' objection to the R&R are procedurally improper and lack merit. The Court, having conducted a *de novo* review of the record and the issues presented in Plaintiffs' Objection and Defendants' Response, agrees with Magistrate Judge Becerra and overrules Plaintiffs' Objection, (ECF No. 63.)

1

"A court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). To determine if personal jurisdiction exists,

> "[a] federal court sitting in diversity undertakes a two-step inquiry . . . : the exercise of jurisdiction must (1) be appropriate under the state long-arm statute, and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

*United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). In evaluating the "reach of the Florida long-arm statute," federal courts "are required to construe [Florida law] as would the Florida Supreme Court." *Madara v. Hall*, 916 F.2d 1510, 1515 (11th Cir. 1990). "Absent some indication that the Florida Supreme Court would hold otherwise, [federal courts] are bound to adhere to decisions of [Florida's] intermediate courts." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citing *Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 970 (11th Cir. 1986)).

> Florida's long-arm statute provides that:
>
> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a)(1); (1)(a)(2).

The Court agrees with Judge Becerra's analysis that the first ground to implicate the exercise of Florida's long-arm jurisdiction is not applicable here, as there is no information within the four corners of the Complaint that suggests that Defendants had an office in Florida, served clients in Florida, or generated revenue from Florida clients. (ECF No. 1; ECF No. 62.) Therefore,

Defendants must have committed a tortious act within this state to be subject to Florida's long-arm jurisdiction. Defendants' affidavits "amply met their burden" to refute that they took any action that would subject them to Florida's long-arm statute, and Plaintiffs' rebuttal affidavits do not present competent evidence to support jurisdiction. (ECF No. 62.) As stated by Judge Becerra:

> The pertinent portions of [Plaintiffs'] Response only parrot the skeletal allegations of the Complaint and offer no new information, much less competent proof, to justify this Court's exercise of personal jurisdiction over Defendants. By all accounts, Plaintiffs "have all the records of the criminal investigation conducted against them by the Austrian police in chain of custody" and have issued subpoenas duces tecum to each of the Third Parties in *Dvoinik I*, including the Florida Parties. Yet Plaintiffs have submitted nothing to indicate that Defendants made the contacts alleged in the Complaint. They only state, with no support, that the Affidavits are "deliberately false" because the Austrian police reported that it did not transfer Plaintiffs' personal data to, or communicate about Plaintiffs with, any foreign authorities.

(ECF No. 62) (internal citations omitted) (footnote omitted).

In response to the new affidavits and exhibits attached to Plaintiffs' Objection, (ECF No. 63), Defendants correctly argue that the time to provide such affidavits was in their response to Defendants' Motion to Dismiss. (ECF No. 64) (citing *United Technologies Corporation v. Mazer*, 556 F.3d 1260 (11th Cir. 2009)). District Courts have broad discretion in reviewing a magistrate judge's report and recommendation, including the discretion to decline to consider a party's argument when that argument was raised for first time in the party's objections to the magistrate judge's report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). While Plaintiffs' Objection vaguely references "newly discovered circumstances," it does not explain how those circumstances warrant the new affidavits and exhibits being produced for the first time, the Plaintiffs' diligence in seeking out the new discoveries or any explanation as to why or how it was discovered, the relevance or materiality of the evidence, or its likeliness of producing a different outcome. See generally *Taylor v. Texgas Corp.*, 831 F.2d 255 (11th Cir. 1987). Aside

3

from this, the affidavits and other attachments do not appear to sufficiently support that this Court has personal jurisdiction over Defendants.

Turning to the additional requests within Plaintiffs' Objection, even if considered procedurally proper or meritorious, this Court is powerless to take any further action due to the lack of personal jurisdiction over Defendants. *Posner*, 178 F.3d at 1214. However, the Court will briefly address these requests. Plaintiffs' "motion" to amend and join additional parties is made in violation of Local Rue 15.1, which requires the moving party to attach the proposed amended pleading to the request. S.D. Fla. L.R. 15.1. Plaintiffs' Objection does not include the proposed amended pleading, or even articulate what they seek to amend or which parties they seek to join. (ECF No. 63.) Plaintiffs' "motion" for partial summary judgment is more akin to a motion for the court to take judicial notice or a motion for declaratory relief, as it requests the Court to "declare" certain facts as true. (ECF No. 63.) Further, it cites Rule 57 of the Federal Rules of Civil Procedure, providing that "[a] declaratory judgment is appropriate when it will 'terminate the controversy.'" (*Id.*) The "motion" for partial summary judgment also violates Local Rule 56.1, as there was no accompanying statement of material facts and does not "consist of separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint references to particular parts of record material." S.D. Fla. L.R. 56.1; (ECF No. 63.) Lastly, Plaintiffs' Objection does not establish grounds to grant the "motion" to compel documents or electronically stored information. Plaintiffs correctly cite Rule 26(b)(1) of the Federal Rules of Civil Procedure but provide no explanation or authority as to why a court order *compelling* production is necessary or proper. (ECF No. 63.)

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that

1. United States Magistrate Judge Becerra's Report and Recommendation, (ECF No. 62), is **AFFIRMED AND ADOPTED**.

2. Defendants' Motion to Dismiss (ECF No. 20) is **GRANTED** as stated herein.

3. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED** without prejudice for lack of personal jurisdiction.

4. The Clerk is **DIRECTED** to **CLOSE** this case and deny all remaining pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15 day of February, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record